IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORBITAL ENGINEERING, INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:20-CV-00593 |
| vs. | ) |
| | ) |
| JEFFREY J. BUCHKO, | ) |
| | ) |
| Defendant. | |

**MEMORANDUM ORDER**

I. **Procedural Background**

Plaintiff Orbital Engineering, Inc. ("Orbital") commenced this action in which it seeks a declaratory judgment regarding certain issues with respect to its former employee, defendant Jeffrey J. Buchko ("Buchko"). Buchko subsequently responded with an Answer, Affirmative Defenses and Counterclaims as well as a Motion for Preliminary Injunction. After a conference with the Court, deadlines were established for expedited discovery related to the preliminary injunction motion and a hearing was scheduled. However, because the parties subsequently agreed to participate in a mediation, these deadlines and the hearing dates were cancelled. A mediation took place, but the parties were not able to resolve their differences.

The Court then held another status conference during which Buchko confirmed that he wishes to proceed with his motion for a preliminary injunction. Buchko contends that the allegations in Orbital's Complaint impede his ability to seek or obtain employment and therefore he is entitled to immediate injunctive relief. Orbital disagrees, arguing that Buchko cannot

demonstrate the need for expedited relief because the alleged harm to Buchko is only monetary in nature.

Therefore, it is necessary to determine whether a motion for preliminary injunction is appropriately considered at this juncture. For the reasons set forth herein, the Court concludes that it is not, and therefore, will deny the motion without prejudice.

## II.     Relevant Factual Background

Orbital asserts claims against Buchko for breach of contract and declaratory relief arising out of a Non-Compete Agreement ("Agreement") into which the parties entered in May of 2018. Orbital alleges that Buchko, Orbital's former Chief Operations Officer, is bound by terms in the Agreement which restrict him for a two-year period from obtaining employment with any entity engaged in a competing business within 75 miles of Chicago, Illinois and within 75 miles of Hammond, Indiana.  Moreover, Orbital alleges, because Buchko was terminated on March 2, 2020 for willful misconduct, he is not entitled to certain payments and benefits upon his departure from the company to which he would otherwise be entitled under the terms of the Agreement.

In Buchko's Answer, Affirmative Defenses and Counterclaims, he disputes that the restrictive covenant in the Agreement is enforceable or that he engaged in any willful misconduct. In his Counterclaims, he seeks a declaratory judgment that the restrictions on his employment are unenforceable.  He also asserts that by failing to pay him certain compensation owed to him upon his termination, Orbital breached the Agreement and violated the Pennsylvania Wage Payment & Collection Law.

In originally moving for a preliminary injunction, Buchko asserted that he was seeking an injunction so that he could commence employment with Valdes Engineering Company ("Valdes"). He indicated that Valdes could be competitive with Orbital, but the role for which he would be

hired was not. Moreover, he claimed that the effect of the filing of the Complaint, including its wholesale litany of examples of willful misconduct, will interfere with his ability to obtain a job. His motion seeks relief that includes setting aside the restrictive covenants, dismissing Orbital's Complaint, enjoining Orbital from further conduct to interfere with his efforts to obtain employment and a judgment against Orbital with respect to its claim that he engaged in willful misconduct.

After discovery commenced on the original schedule and Orbital subpoenaed Valdes, Valdes withdrew its offer of employment to Buchko.

## III.   Standard of Review

"In order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits and a probability of irreparable harm. Additionally, the district court should consider the effect of the issuance of a preliminary injunction on other interested persons and the public interest." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175 (3d Cir. 1990) (citations omitted).

However, "[t]he applicable Federal Rule does not make a hearing a prerequisite for ruling on a preliminary injunction." *Id.* (citing Fed.R.Civ.P. 65(a)). The Court of Appeals has held that "a district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Id.* Furthermore, it is well-settled that "[t]he purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits." *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir.1997). "The preliminary injunction must be the *only* way of protecting the plaintiff from harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992).

**IV.   Discussion**

In his motion for preliminary injunction, Buchko articulates the appropriate standards to be determined in evaluating the need for preliminary injunctive relief. A threshold issue to be determined in this case, however, is whether the claims that he asserts and the relief that he requests are appropriately determined in a preliminary injunction proceeding.

Buchko's requests to dismiss the Complaint, enter judgment in his favor on Orbital's claim that he engaged in willful conduct and set aside the restrictive covenants all require a determination of ultimate issues of fact and law in this case. They also dovetail with claims that Orbital is pursuing in connection with its request for a declaratory judgment. Granting the relief Buchko seeks would not preserve the status quo; rather, it would represent an adjudication on the merits. As such, a preliminary injunction hearing is inappropriate for those purposes. At this stage, Buchko cannot obtain the ultimate relief to which he may be entitled in a final judgment.

Buchko also seeks a preliminary injunction that would prohibit Orbital from engaging in further conduct to interfere with his efforts to seek employment. Similarly, this requested relief would also alter the status quo.  The parties entered into an Agreement that includes a restrictive covenant, sets forth Orbital's obligation to make certain payments to Buchko upon his departure from Orbital and imposes certain limitations on when Buchko is entitled to these payments. Buchko claims that Orbital's allegations of willful misconduct and the specter of the restrictive covenant could have a chilling effect on prospective employers, and certainly, the actions of Valdes upon being served with a subpoena seem to bear that out.

However, to prohibit Orbital from further conduct to impede Buchko's employment would necessarily require a final adjudication regarding the merits of the parties' respective claims. Turning first to the issue of payments due under the Agreement, Orbital seeks a declaratory

judgment that Buchko engaged in willful conduct and as such, it is not obligated to make certain payments pursuant to the Agreement. Buchko disputes that he engaged in any willful misconduct and has asserted a claim for breach of contract in which he seeks monetary damages. Resolution of this ultimate issue of fact will determine his entitlement to certain payments outlined in the Agreement. While it is certainly possible that Orbital's allegations of willful misconduct may impede Buchko's employment opportunities, they represent one of the bases for Orbital's request for a declaratory judgment. This is also a central issue to be decided with respect to Buchko's breach of contract claim. Thus, not only is this an ultimate issue in this case, but also a party cannot obtain a preliminary injunction simply because he disputes factual allegations that may cast him in an unfavorable light.

Buchko also contends that the restrictive covenant in the Agreement is improperly broad and/or that there was a lack of consideration for these restrictions. He states that the non-compete clause has deprived him of the ability to obtain any employment, or, at a minimum, to obtain a position with any entity which is a competitor of Orbital. Therefore, according to Buchko, this represents irreparable harm for which he is entitled to injunctive relief.

Buchko argues that, in the commercial context, the loss of a business opportunity may demonstrate irreparable harm. *Santoro v. Morse*, 781 A.2d 1220, 1228 (Pa. Super. 2001). In support of his contention that a loss of employment opportunities also represents irreparable harm, Buchko cites a decision from the Court of Common Pleas of Allegheny County, *Bossers v. Servicelink*, G.D. No. 12-012206 (C.P. Allegheny Cty. Jan. 15, 2013). In that case, Judge Ward, citing *Santoro,* noted: "This Court believes that, like the loss of a business opportunity, the loss of all employment opportunities for an individual in their field of experience for months constitutes irreparable harm for purposes of this element." *Id.* at 11-12.

The Court of Appeals has held that "a federal court must apply federal substantive law in examining the merits of a request for a preliminary injunction." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 799 (3d Cir. 1989). Therefore, while the Court has carefully considered the *Bossers* case, it is not bound by it and it declines to reach the same conclusion. Not only is there a dearth of appellate case law that supports the conclusion reached in *Bossers,* but to reach this conclusion requires an analogy that is not persuasive. There is a significant difference between a business that cannot calculate the harm inflicted when an employee reveals confidential information to its competitors or interferes with customer relationships and an employee who cannot find suitable employment due to a non-compete agreement. *See Quaker Chem. Corp. v. Varga*, 509 F. Supp. 2d 469, 478-79 (E.D. Pa. 2007) (former employee's interference with an employer's customer relationships caused "nonquantifiable damages"). To hold otherwise would allow any employee who had signed a non-compete agreement to bring suit and move for a preliminary injunction on the ground that limiting or eliminating the employee's ability to obtain employment constitutes irreparable harm. *See id.* (observing, on the issue of the balancing of the harms, that although the employee appeared to suffer greater harm than the company, this was a "superficial calculus" that had been rejected by the majority of courts; "If this were the rule, no restrictive covenant would be enforced against a large and successful company.")

While the inability to make a living can result in significant harm, it is not irreparable in nature. Money damages are available to remedy this harm. Buchko remains able to seek employment, albeit with some restrictions, and failing his ability to do so or to find employment that is commensurate with his prior career and position, he can recover damages that represent his losses during the relevant time period. While the calculation of such damages may or may not

require an expert, they are capable of being calculated with reasonable certainty. This harm is not irreversible, and therefore, is not irreparable.[1]

The Court expresses no findings on the merits of Buchko's claims and defenses or those of Orbital. The only issue before the Court at this time is whether, as a threshold matter, the relief sought by Buchko presents a proper basis for a preliminary injunctive relief and requires further fact finding. It does not. Buchko's proposed preliminary injunction would not maintain the status quo. Rather, his requested relief would alter the status quo and require the Court to adjudicate ultimate issues in this case. Even if the restrictive covenant was found to be unenforceable, Buchko also alleges that Orbital's accusations of willful misconduct impede his future employment, and this issue, raised by both parties in their claims, is not properly resolved in the context of a preliminary injunction. In addition, a hearing is not warranted because Buchko's potential inability to secure employment does not represent a colorable case of irreparable harm.

Therefore, the motion for a preliminary injunction filed by Defendant (ECF No. 7) is **DENIED** without prejudice to reassert a motion for declaratory relief in the event that changed circumstances warrant such a motion.

SO ORDERED this 21st day of July, 2020.

BY THE COURT:

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

---

[1] The Court acknowledges that allegations of willful misconduct can have a negative impact on job prospects, but if Buchko ultimately prevails on the merits, it is unlikely to impede his future prospects.