IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORBITAL ENGINEERING, INC, | ) |
| | ) |
| Plaintiff, | ) Civil Action 20-593 |
| | ) |
| vs. | ) |
| | ) |
| JEFFREY J. BUCHKO, | ) |
| | ) |
| Defendant. | |

### ORDER ON MOTION TO COMPEL DISCOVERY

Presently pending before the Court is Defendant/Counterclaimant Jeffrey J. Buchko's ("Buchko") Motion to Compel Discovery (ECF No. 43). His motion relates to the objections and responses of Plaintiff Orbital Engineering, Inc. ("Orbital") to Buchko's First Request for Discovery. For the reasons set forth herein, Buchko's motion will be granted in part and denied in part.

As an initial matter, the parties indicate that they have resolved, in whole or in part, certain disputes either as a result of their meet and confer or after the Motion to Compel was filed.[1] Specifically, the parties agree that Mr. Buchko's personnel file has been produced and is no longer at issue (Request for Production No. 2); the video sought in Request No. 4 has been produced; and Orbital cannot locate the documents requested in Request No. 11 (in this regard, Buchko reserves the right to have these documents produced if located).

The remainder of the disputed matters will be addressed below.

---

[1] Notably, however, they disagree that certain matters were resolved in full. Therefore, these matters will be addressed herein.

Interrogatory No. 4 and Document Request No. 5[2]

Interrogatory No. 4 seeks information about communications regarding Buchko's termination or evidencing his removal from management. Buchko contends that Orbital's response is incomplete because it does not identify the participants in an internal press release or how, when or to whom it was sent. In addition, Orbital's response is limited to announcements while the interrogatory sought broader information about communications.  In its Brief in Opposition, Orbital states that this issue was resolved during the meet and confer by limiting the discovery to the names of any customers contacted by member of senior management, "as reflected in the documents previously produced by Orbital."  Buchko disputes that the parties reached any such agreement.

Buchko argues that this information is probative of his defamation counterclaim, in which he alleges that Orbital's management defamed Buchko in discussions with staff and communicated similar information to its customers.  Orbital indicates that it announced in an internal press release about the promotion of Arno Wainikainen to COO and informed its employees and customers about the termination in written correspondence, and that both announcements would be produced.

Regarding the two communications that were referenced in Orbital's response, it shall supplement its response to include the information requested in subparts a through d if that information is not reflected in the documents themselves.  The Court does not find that it is necessary to identify each employee, customer or supplier to whom these communications were sent.  Since the interrogatory is not limited to written communications, however, Orbital must

---

[2] The disputed discovery requests and responses are set forth in Buchko's motion and for that reason will not be restated, but will be summarized as necessary.

supplement its response to Interrogatory No. 4 to include the information requested regarding any communications by management regarding Buchko's termination.

Document Request No. 5 requests all communications regarding the termination of Buchko. Orbital objected on the grounds of the attorney client privilege and work product doctrine, and states in its opposition that it has no additional non-privileged documents that have not been produced.

Given the assertion of privilege, Orbital will be required to produce a privilege log.

Interrogatory No. 7

Buchko seeks personal and professional information for four designated individuals. Orbital provided business information but objected to providing personal information on a number of grounds. In its Brief in Opposition, Orbital states that it agreed as part of the meet and confer to search and produce additional documents. Buchko responds that Orbital has not yet done so.

Therefore, Orbital will be required to supplement its response.

Document Request No. 2

As a result of the meet and confer, Orbital agreed to produce additional documents, limited to Buchko's personnel file and additional pay records. As previously indicated, the personnel file has been produced. In his Reply in support of his motion, Buchko notes that certain records remain outstanding. Orbital will be ordered to complete its production.

Document Request Nos. 3 and 4

The parties disagree about whether they reached consensus as a result of their meet and confer. As part of that process, Buchko provided the names of the ten employees who were his

3

direct reports and for whom he seeks the self-assessment documents described in these two document requests. The dispute now appears to center around whether Orbital should be required to produce not only employee self-assessment documents that explicitly name Buchko, as Orbital suggests, or must also produce responsive documents in which he is referenced but not explicitly named.

The Court concludes that given the allegations of misconduct by Buchko, it is appropriate to engage in discovery regarding his oversight and performance of management functions. Therefore, Orbital will be required to produce the self-assessment reports for the ten identified employees which either name or reference Buchko.

Document Request Nos. 6 and 19

These document requests seek information about 2019 and 2020 annual bonuses paid to all Orbital management, including Buchko, as well as compensation records for six other Orbital employees. While Orbital has agreed to produce documents that describe its bonus policy and documents reflecting the calculation of Buchko's 2019 annual bonus, it objects to producing documents regarding bonuses or compensation paid to other Orbital employees

Buchko indicates in his Reply that the limited documentation produced by Orbital regarding the bonus payment calculation provides insufficient information to allow him to understand his bonus payment calculation and Orbital has not provided the metric used to determine his bonus as promised. Therefore, Orbital shall provide full and complete information regarding the calculation of Buchko's bonus for fiscal year-end March 31, 2019.

At the same time, the Court declines to grant the motion to compel as it relates to Buchko's request for compensation records for other Orbital employees. With respect to compensation paid

to other members of management, Buchko's argument that this information is relevant to the issue of whether he received valuable consideration in exchange for signing to the Non-Competition Agreement is not persuasive. Whether there was, in fact, a disparity between his compensation and other management employees is not relevant to the issue of the value of the consideration received by Buchko. Even assuming that he was compensated on a lower scale than other management, this is not reflective of whether the consideration he received was new and valuable to him.

On the other hand, with respect to the bonus issue, one aspect of the consideration offered for the Non-Competition Agreement was Buchko's "eligibility" to participate in Orbital's bonus plan. In order to determine whether this aspect was fulfilled "as designed and promulgated by [Orbital's] Chief Financial Officer," it could be relevant or lead to the discovery of admissible evidence to compare the calculations for various members of the senior management with that employed for Buchko. Moreover, as Buchko points out, production of this information can be accomplished pursuant to the terms of the Confidentiality Order in place in this action.

Document Request No. 7

In this Request, Buchko seeks Orbital's fiscal statements for the period from March 31, 2012 through March 31, 2020. Orbital objects to the production of these statements on multiple grounds.

While Buchko claims that the requested documents are relevant to Orbital's allegations of misconduct as well as his positive impact on its business, this argument is not persuasive. Based upon the timing and nature of Orbital's allegations of misconduct, Buchko's positive performance or his positive impact on the company's finances has no relevance to whether he engaged in willful

misconduct during the last year or so of his employment. Therefore, Buchko's motion with respect to these requests will be denied.

Document Request No. 8

This Request seeks documents not only about Buchko's vacation balance summary, but records of vacation benefits paid to management employees from 2015 to the present. Orbital has agreed to produce its vacation policy as well as documents that reflect Buchko's accrued vacation time. However, it objects to producing this information with respect to other management employees.

The Court agrees. Whether other employees whose positions were subordinate to Buchko had vacation weeks comparable to him has no bearing on whether he received valuable consideration. Therefore, Orbital will not be required to provide documents regarding the vacation benefits paid to other management employees.

Document Request No. 12

Buchko seeks financial reports for Orbital Technical Solutions ("OTS"). He notes that among Orbital's allegations of misconduct is that he instructed employees to take certain actions to make it appear that revenues were earned not by OTS but by other business units under his control in an effort to undermine another member of management. Based upon Orbital's contention, the Court concludes that this information has at least arguable relevance and therefore shall be produced under appropriate confidentiality protections.

Document Request No. 14

Given Orbital's allegations that Buchko encouraged subordinates to prepare a training program that would be inconsistent with Orbital's internal processes, Buchko contends that email communications with those employees regarding certain training materials/requirements is necessary to his defense. Orbital has provided a "partial production" but has indicated that it will not produce responsive documents after Buchko's termination. Buchko alleges post-termination information is probative of the outcome of the program and whether the steps implemented by Buchko were brought to fruition and consistent with the company's processes. The Court concludes that post-termination documents should be produced only to the extent that they reflect the outcome of the program and whether the steps Buchko was implementing when he was terminated were consistent with Orbital's processes.

Document Request No. 16

As reflected in its response to the document request, Orbital shall produce non-privileged documents that reflect Buchko's communications during the last year of his employment regarding all matters that formed the basis for his termination.

Document Request No. 17

Buchko seeks all customer survey result files. The Court concludes that while this request as stated is overly broad and not proportional, certain of the requested information should be produced. Therefore, Orbital shall produce all non-privileged documents that support its allegation that Buchko failed to disclose and actively hid client-service failures, thereby jeopardizing a significant client relationship. Any confidentiality concerns can be addressed by the terms of the Confidentiality Order.

Document Request No. 18

Buchko seeks performance improvement plans and written warnings for all Orbital employees for the period of 2018-2020 and disciplinary records for certain specified employees. Orbital objects on multiple grounds.

While Buchko argues that this information is relevant to how Orbital evaluates and enforces willful misconduct, the Court agrees that as stated, this request is not proportional to the needs of this case.

Therefore, this 9th day of October, 2020, it is hereby ORDERED that within seven (7) days of the date of this Order:

1. Orbital shall supplement its responses to Interrogatory Nos. 4 and 7 as set forth herein;
2. Orbital shall provide a privilege log with respect to any documents withheld on the basis of privilege, including but not limited to documents withheld in response to Document Request No. 5;
3. Orbital shall complete or supplement its document production regarding Document Request Nos. 2, 3, 4, 6, 8, 14 and 16 as set forth herein;
4. Orbital shall produce documents responsive to Document Request No. 12; and
5. Orbital shall produce documents responsive to Document Request No. 17 as set forth herein.

All other relief sought by Buchko, including that related to Request Nos. 7, 18 and 19, is DENIED.

BY THE COURT:


s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge