IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORBITAL ENGINEERING, INC, | ) |
| | ) |
| Plaintiff/Counterdefendant, | ) |
| | ) Civil Action 20-593 |
| vs. | ) |
| | ) |
| JEFFREY J. BUCHKO, | ) |
| | ) |
| Defendant/Counterclaimant. | ) |

**<u>ORDER</u>**

Plaintiff/Counterdefendant Orbital Engineering, LLC ("Orbital") has moved for an order directing Defendant/Counterclaimant Jeffrey J. Buchko ("Buchko") to delete certain privileged communications in his possession (ECF No. 76). The issues in dispute originally related to approximately 1,200 text messages between Buchko and Dylan Lewis ("Lewis"), Orbital's General Counsel. These text messages, which were in Buchko's possession, were produced by him to Orbital. Orbital claims that these texts are privileged, while Buchko contends, among other things, that the messages are not subject to the attorney-client privilege because they represent business communications. Orbital originally sought an order directing Buchko to destroy all such text messages.

Because the parties were unable to resolve their dispute, the issues were fully briefed and a telephone conference to address Orbital's motion was held on January 7, 2021. After the conference, the Court issued an Order that, in part, required the parties to attempt to narrow the list of texts and then provide the narrowed list for the Court's *in camera* review. The parties later advised that as a result of their meet and confer, they were able to limit the disputed text messages to two documents, Orbital 1549 (Exhibit H to Buchko's response at ECF No. 89), and Orbital

1554-1557 (*id.* at Exhibit I). Buchko advised the Court that with respect to all of the other text messages, he agreed to withdraw his challenge to Orbital's designation of privilege despite his contention that the texts are not protected by the attorney-client privilege.

Thus, the Court will address the two remaining text messages at issue. With respect to Orbital 1549 (Exhibit H), the Lewis Declaration attached to Orbital's Reply (ECF No. 93-1) states that this communication relates to a memorandum prepared by Brandon Otis, Orbital's Chief Financial Officer, at Lewis' request and under his direction. The memorandum relates to an internal investigation regarding certain practices of two Orbital management-level employees regarding work they performed for OTS. Lewis states that he provided the memorandum to Buchko to keep him apprised of a legal development with respect to these employees which was going to result in disciplinary action. According to Lewis, both he and Otis drafted and finalized the memorandum, which was prepared three months after Buchko was instructed to cede his authority with respect to OTS to Thomas Evans.

Buchko disagrees that this document, which was sent to Buchko in a text, is privileged; rather, he asserts, it relates to communications between him and Lewis regarding Orbital's business matters and that Lewis was acting as a business advisor, not as general counsel.

As an initial matter, as Orbital notes, when a former officer such as Buchko is adverse to the company, the attorney-client privilege belongs to the company. *See Handy v. Delaware River Surgical Suites, LLC,* No. CV 19-1028, 2020 WL 355549203, at *1 n.1 (E.D. Pa. Feb. 6, 2020). Thus, Orbital may properly raise the attorney-client privilege with respect to communications between its general counsel and Buchko during the time period when Buchko was Orbital's Chief Operating Officer. At the same time, Buchko is correct that simply because Lewis is general counsel, this does not imbue all of his communications with privileged status.

Having reviewed the parties' briefs, the text message and the Lewis Declaration, the Court concludes that the investigation memorandum is privileged. It was prepared at the request and under the direction of Lewis, who participated in finalizing the document; it concerned the propriety of certain reimbursement, time keeping and billing practices of two management-level employees who were going to be disciplined; and it was provided to Buchko to keep him advised of this development given his involvement with OTS.

While Lewis' sworn declaration states that the decision to terminate Buchko was not due to the issues discussed in the investigation memorandum, Buchko certainly is entitled to explore the reasons why he was terminated. However, even if this memorandum and his corresponding texts with Lewis are relevant, Orbital is within its rights to assert privilege. As the Court of Appeals has held: "Relevance is not the standard for determining whether or not evidence should be protected from disclosure as privileged, and that remains the case even if one might conclude the facts to be disclosed are vital, highly probative, directly relevant or even go to the heart of an issue." *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 864 (3d Cir. 1994).

The other text message is Orbital 1554-1557 (Exhibit I to Buchko's response), which relates to a discussion regarding changes to the manner in which terminations occur at Orbital. Orbital asserts that the text is privileged because it mentions a then-pending lawsuit and concerns legal advice regarding the proper procedures for evaluating employee accommodation requests in the future. Lewis states in his Declaration that this had nothing to do with Orbital's decision to terminate Buchko. Buchko asserts that this document relates to business matters, not legal issues, and is relevant because it reflects a change in the manner by which Orbital terminates employees, that is, to claim that the termination was for cause, as was alleged with respect to his termination.

The Court concludes that as this text references an on-going lawsuit that allegedly was filed because the situation was mismanaged and must be addressed differently in the future, this text is privileged and must be destroyed by Buchko.

Therefore, it is ORDERED that Orbital Engineering, Inc.'s Motion for an Order Directing Defendant Jeffrey Buchko to delete Orbital's Privileged Communications Within his Possession is GRANTED. Defendant shall permanently delete all text lines identified by Orbital in response to its claim of attorney-client privilege, including but not limited to the text lines identified in Orbital 1549 and Orbital 1554-1557.

SO ORDERED this 22nd day of February 2021.

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge