IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORBITAL ENGINEERING, INC., | ) |
| Plaintiff, | ) ) ) Civil Action 2:20-593 ) |
| vs. | ) ) ) |
| JEFFREY J. BUCHKO, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Presently pending is Defendant/Counterclaimant Jeffrey J. Buchko's ("Buchko") Second Motion to Compel Discovery (ECF No. 82). In his motion, Buchko addresses three documents that have been referred to as "talking points" documents, including Memoranda identified on the revised privilege log of Plaintiff Orbital Engineering, Inc. ("Orbital"). Buchko also requests that the Court conduct an *in camera* review of Memoranda #1 and #2 and the production of Memorandum #3. Orbital objects to the production of these documents because of its assertion that they are protected from disclosure based upon the attorney-client privilege. Finally, Buchko asks that Orbital supply a certification that it has produced all responsive text messages from the devices of Robert Lewis ("R. Lewis"), Brandon Otis ("Otis"), Dylan Lewis ("Lewis") and Arno Wainkainen ("Wainkainen").

A conference was held with the parties during which they had an opportunity to address these issues. Having also reviewed the written submissions of the parties, the Court determined during the conference that the descriptions of Memoranda #1 and #2 in the revised privilege log, coupled with the Declaration of Dylan Lewis, the General Counsel of Orbital, demonstrated that these documents are protected by the attorney-client privilege. Lewis stated under oath that Memorandum #1, which is identified in the revised privilege log as a memorandum sent to R.

Lewis with a copy to Otis, contains legal advice and analysis regarding Buchko and was prepared in his capacity as general counsel. He further indicated that he advised Otis and R. Lewis not to disseminate it.  Memorandum #2, he declared, represents a legal analysis directed to R. Lewis regarding the decision to terminate Buchko.

With respect to Memorandum #3, the Court concluded that an *in camera* review was required. As noted in the parties' briefs on the issue of how and by whom this memorandum was created, Otis testified during his deposition that he "contributed to the document" and that it was either created by him or Dylan Lewis but was a "collaborative effort."  He also stated that it was addressed as a memorandum to Mr. Lewis as "attorney work product."  Otis testified that this document was also shared with Wainkainen and "possibly" Thomas Evans and Steve Kleinen. Otis also stated that the memo included talking points related to the anticipated termination of Buchko as well as other topics, including new personnel and changes in management roles.

The revised privilege log describes this document as a memorandum from Dylan Lewis "containing legal analysis and advice re: Jeff Buchko."  The privilege log does not describe it as "attorney work product" or indicate that Otis contributed to it.

In his Declaration, Mr. Lewis stated this memorandum was directed to the "Transition Team," consisting of R. Lewis, Otis, Wainkainen, Evans and Kleinen, all of whom were promoted to senior leadership positions during the transition period.  He asserts that Memorandum #3 sets forth a legal analysis about the decision to terminate Buchko and includes the results of Otis' research concerning Buchko's conduct "relative to [his] analysis," as well as additional information that the Transition Team could draw upon when fielding questions regarding Buchko's departure and other leadership changes. He further indicates that the memo is labeled

"Attorney Work Product." He also states that to the best of his knowledge, the memorandum was not disclosed to anyone other than the members of the Transition Team.

The Court has reviewed Memorandum #3 and considered the parties' arguments. As they acknowledge, the central issue is whether the document is protected by the attorney-client privilege or alternatively, represents a document prepared by or in conjunction with Mr. Lewis in the capacity of a business advisor, not as general counsel.

As a review of the memorandum shows, it is addressed to "DCL, as Attorney." It includes the label "Attorney Work Product." The subject of the memo is "Departure and Talking Points." It provides reasons related to Buchko's departure, as well as talking points for GMs and office personnel discussions. The memorandum also includes information about new leadership and organizational structure.

The Court acknowledges and certainly respects Mr. Lewis' conclusions in his Declaration, but after its review, concludes that Memorandum #3 is not protected by the attorney-client privilege. Notably, the reasons why Buchko was terminated are disputed issues in this case, and this document is relevant to these issues. Relevance is not the standard for determining whether or not evidence should be protected from disclosure as privileged. *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 864 (3d Cir. 1994). However, the memorandum does not provide legal analysis; rather, it sets forth a series of facts regarding Buchko's performance and Orbital's attempts to resolve these issues. In addition, the memo also provides business information about the future of Orbital and identifies information that could be shared with GMs or other personnel about Buchko's departure and organizational changes (the "talking points"). Simply put, Memorandum #3 does not provide legal advice or set forth legal analysis and is not otherwise protected by the attorney-client privilege.

Finally, Orbital objects to providing Buchko with a certification that it has re-reviewed the text messages of certain Orbital personnel and produced all responsive, relevant and non-privileged texts. The most effective way to resolve this dispute is for counsel for Orbital to direct a letter to counsel for Buchko in which counsel represents that it has engaged in this review and has produced all such texts.

Therefore, it is hereby **ORDERED** that Buchko's Second Motion to Compel is **GRANTED** in part. Orbital shall produce Memorandum #3 to Buchko within seven (7) days of the date of this order. Counsel for Orbital shall also direct a letter to counsel for Buchko in which it confirms that it has produced all relevant, non-privileged text messages that were requested by Buchko. The remainder of the relief requested by Buchko is **DENIED.**

SO ORDERED this 22nd day of February 2021.

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge