IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORBITAL ENGINEERING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | Civil Action No. 20-593 |
| ) | |
| ) | |
| JEFFREY J. BUCHKO, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

This action revolves around the termination of the employment of Jeffrey J. Buchko ("Buchko") by Orbital Engineering, Inc. ("Orbital") and the respective rights and duties of the parties regarding a non-compete agreement ("NCA"). Currently pending before the Court is Buchko's Motion for Sanctions Against Plaintiff/Counterdefendant and Fridrikh Shrayber (ECF No. 195). The motion has been fully briefed and oral argument was held on August 20, 2021.

**I.   Relevant Background**

In early June 2021, Orbital filed a motion for preliminary injunction (ECF No. 110) seeking to restrain Buchko from employment with J.R. Johnson Engineering, Inc. ("JRJE"). Orbital contended that such employment would violate the terms of the NCA. In connection with this motion, the Court granted Orbital's request for expedited discovery with respect to JRJE but denied it with respect to S\TEC Group, Inc. ("S\TEC") and Superior Engineering, LLC ("Superior"), which are related entities to JRJE. A hearing on the injunction motion was scheduled for August 10 and 11, 2021.

On July 26, 2021, Orbital filed a motion (ECF No. 172) seeking to extend the discovery period and reschedule the hearing. Several days later, Orbital moved for leave to reissue subpoenas

against JRJE (ECF No. 179). After a status conference held on August 2, 2021 to address these issues, the Court entered the following orders:

> ORDER granting [179] Plaintiff's Motion for Leave to Reissue Subpoenas. Plaintiff shall reissue and serve the subpoenas attached to its motion as Exhibits 2 and 3 to J.R. Johnson Engineering, Inc. no later than August 3, 2021. The requests in the re-issued subpoenas shall be identical to those previously served by Plaintiff on J.R. Johnson Engineering, Inc. on July 7, 2021. Plaintiff shall bring any and all disputes with J.R. Johnson Engineering, Inc. to the Court's attention without delay so that they can be addressed and resolved promptly.
>
> ORDER granting in part and denying in part [172] Plaintiff's Motion to Extend the Expedited Discovery Deadline and to Reschedule the Preliminary Injunction Hearing. Discovery is extended for the sole purpose of seeking discovery from J.R. Johnson Engineering, Inc. All such discovery must be completed by the later of August 23, 2021, or within two weeks of the resolution of any discovery disputes related to this discovery. Plaintiff's motion to reschedule the preliminary injunction hearing is denied. At the conclusion of the hearing set for August 10 and 11, 2021, the Court will entertain a motion to schedule an additional hearing day in August to present further evidence regarding Defendant's prospective employer.

(ECF Nos. 184, 185.)

The following day, Orbital filed a notice (ECF No. 186) stating that it was withdrawing its motion for preliminary injunction "without prejudice" and that it was reserving its rights with respect to both Buchko and JRJE.

Buchko immediately filed a motion for a status conference (ECF No. 192) and the pending motion for sanctions. In these documents, Buchko indicated that Orbital had commenced an action against JRJE in the United States District Court for the Northern District of Ohio on August 3, 2021, Civ. A. No. 1:21-cv-1513, in which it asserted a claim of tortious interference with contractual relations (the "Ohio litigation"). Buchko is not named as a defendant in the Ohio litigation; however, the claim centers upon JRJE's intent to hire Buchko and its alleged interference with the NCA.

**II.    Discussion**

Buchko asserts that by withdrawing its motion for preliminary injunction, failing to reissue the subpoenas to JRJE as ordered and bringing an action against JRJE in Ohio, Orbital both violated and attempted to circumvent this Court's orders.  Buchko contends that by suing JRJE, Orbital is attempting to get a "second bite at the apple" with respect to the Court's decision denying discovery directed to S\TEC and Superior and is improperly using the Ohio litigation to preclude Buchko from engaging in gainful employment. He argues that these actions by Orbital and its counsel violated Federal Rules of Civil Procedure 11 and 37. Orbital denies that it engaged in any improper conduct and asserts that there is no basis for sanctions.

    A.   Rule 37

Federal Rule 37(b)(2)(A) provides that "If a party or a party's officer, director, or managing agent – or witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35 or 37(a), the court where the action is pending may issue further just orders." Buchko contends that the Rule "authorizes a court to impose sanctions against a party that fails to comply with a court order." *Osorio v. TCV Community Servs.*, 2020 WL 5653347, at *3 (W.D. Pa. Sept. 22, 2020). Although Rule 37(b) "provides a 'veritable arsenal of sanctions' to deter and rectify discovery violations," the Rule "is not equivalent to carte blanche; it limits the court's discretion in two ways. First, any sanction must be 'just'; second, the sanction must be *specifically related* to the particular 'claim' which was at issue in the order to provide discovery." *Clientron Corp. v. Devon IT, Inc.*, 894 F.3d 568, 580, 582 (3d Cir. 2018) (citations omitted).

Buchko asserts several bases for the relief he seeks. First, he suggests that Orbital should be sanctioned because it did not serve the subpoenas on JRJE as ordered by the Court. That order,

3

however, was premised on discovery related to Orbital's pending motion for a preliminary injunction. Orbital withdrew its motion on the same date by which it was required to serve the subpoenas. Similarly, the directive to "bring any and all disputes with J.R. Johnson Engineering, Inc. to the Court's attention without delay so that they can be addressed and resolved promptly" referred to disputes arising out of the subpoenas issued to JRJE. Given Orbital's withdrawal of its motion for injunctive relief, there is no basis to conclude that Orbital should have nonetheless proceeded with discovery that was no longer warranted. In fact, since discovery in this case was otherwise closed, Orbital would have been in violation of the discovery deadline imposed by the Court should it have proceeded with discovery directed to JRJE.

While Buchko also seeks sanctions based on Orbital's withdrawal of its injunction motion, it has not cited any authority to support such relief. Moreover, as Orbital correctly points out, Buchko's motion as it relates to Orbital's notice of withdrawal is not properly brought under Rule 37 as it is not a discovery issue.

Buchko further contends that Orbital's issuance of "defective" subpoenas and associated activities were done as part of an effort to delay the injunction hearing and further prevent his efforts to secure employment. Orbital counters that Buchko remains free to obtain employment, including with JRJE, and that based upon its investigation of JRJE and its principals as well as its analysis of Fed. R. Civ. P. 45, the designated place of compliance and subsequent proceedings to compel compliance were appropriate. Undoubtedly, the issuance of the subpoenas resulted in multiple procedural issues and ultimately led to delays in obtaining discovery from JRJE. Having reviewed the history of these activities and Orbital's explanation for its actions, however, the Court concludes that while Orbital's strategic decisions may not have been procedurally correct, there is no evidence that they were done willfully or for an improper purpose. Thus, no sanctions are

warranted.

Buchko also argues that by commencing an action against JRJE in Ohio, Orbital is attempting to circumvent the Court's orders in this case that limited discovery and denied Orbital's request to delay the preliminary injunction hearing. Among other things, Buchko asserts, this gives Orbital a "second bite at the apple" regarding the Court's decision that prohibited discovery directed to S\TEC and Superior. Moreover, the Ohio litigation necessary involves adjudication of at least some of the same issues in this case, including the enforceability of the NCA, and provides another forum for an injunction proceeding on a different timetable.

To be sure, Orbital's withdrawal of its motion for preliminary injunction resulted in the cancellation of the injunction hearing in this Court, and Orbital now seeks injunctive relief in the Ohio litigation against JRJE. Orbital's representation that there is no overlap or possibility of inconsistent results in the two actions is simply not persuasive.  Among other things, both actions require a determination of the enforceability of the NCA. Having said that, however, Buchko fails to support his assertion that these actions are discovery violations for which Rule 37 sanctions are warranted. In short, Orbital was within its rights to withdraw its motion and to bring a claim against JRJE in a jurisdiction in which it is located.

Thus, Buchko has not demonstrated that Orbital has engaged in any conduct that is sanctionable under Rule 37.

    B.  Rule 11

Rule 11(b), which addresses representations to the Court, provides in relevant part that:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

The "central purpose of Rule 11 is to deter baseless filings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "Nothing in the language of the Rule or the Advisory Committee Notes supports the view that the Rule empowers the district court to impose sanctions on lawyers simply because a particular argument or ground for relief contained in a non-frivolous motion is found by the district court to be unjustified." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987) (citation omitted).

Rule 11 also includes a "safe harbor" provision:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). "If the twenty-one day period is not provided, the motion must be denied." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008). *See also In re Miller*, 730 F.3d 198, 204 (3d Cir. 2013) ("strict compliance with the safe harbor rule is required.")

Orbital asserts that Buchko's motion should be denied because he did not comply with the procedural requirements of Rule 11. Specifically, it argues, Buchko did not file a separate motion under Rule 11, describe the specific conduct at issue, serve the motion under Rule 5 or provide the required 21 days for Orbital to correct the "challenged paper."

Buchko did not address in his motion the safe harbor provision or explain why it does not apply. During oral argument, his counsel argued that the emergency nature of the matter provided

an exception to the safe harbor provision. However, the only possible emergency addressed in Buchko's motion was that he sought an order compelling Orbital to proceed with the preliminary injunction hearing the next week. As discussed above, however, the Court concluded that Orbital was within its rights to withdraw its motion.

Moreover, the safe harbor rule is mandatory. *See, e.g., In re Shaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008). The cases provided by Buchko do not support an argument that he was not required to follow these requirements. *See Progress Fed. Sav. Bank v. Lenders Ass'n, Inc.*, 1996 WL 57942, at *3 (E.D. Pa. Feb. 12, 1996) ("informal notice" did not trigger the commencement of the 21-day period); *Balthazar v. Atlantic City Med. Ctr.*, 279 F. Supp. 2d 574, 592 n.17 (D.N.J. 2003), *aff'd*, 137 F. App'x 482 (3d Cir. 2005) (safe harbor provision did not apply because the court had issued an order to show cause, which is not governed by the safe harbor provision).[1]

Even assuming for the sake of argument that Buchko was not required to comply with the safe harbor provision under these circumstances, his motion fails on the merits. Orbital has asserted a claim against JRJE for its tortious interference with Orbital's rights under the NCA because of its efforts to hire Buchko. Buchko has cited no authority to support a contention that this Court can sanction counsel in this case for filing a separate action against a non-party in another jurisdiction. If the Complaint in the Ohio litigation is frivolous or brought for an improper purpose, JRJE has a remedy under Rule 11 in the Northern District of Ohio.

---

[1] The other cases provided by Buchko cite the principle that a voluntary dismissal of a case does not deprive a district court of jurisdiction over a Rule 11 motion. *See Cooter & Gell*, 496 U.S. at 395; *Haviland v. Specter*, 561 F. App'x 146, 150 (3d Cir. 2014). To the extent that Buchko is arguing by analogy that the withdrawal of the preliminary injunction motion would not preclude the Court from imposing sanctions, this may be true, but it would be relevant only if Buchko had challenged the filing of the motion for preliminary injunction itself as sanctionable, Moreover, the motion for preliminary injunction has been withdrawn.

7

As previously discussed, Orbital's position that this case and the Ohio litigation are unrelated is not well-taken.[2] While neither the claims asserted nor the identity of the parties are identical, the enforceability of the NCA is at issue in both cases and potentially could yield inconsistent results. Moreover, Orbital could seek broader discovery in the JRJE case than permitted in this case. For these reasons, this Court directed Orbital to advise the Ohio court of the status of this case and to advise this Court if it files a preliminary injunction motion in the Ohio court. If and when necessary, the Court will address issues in this case that arise as a result of these parallel lawsuits. Based on the record before it, however, the Court cannot conclude that Orbital's lawsuit against JRJE is frivolous or for an improper purpose given Orbital's position in this lawsuit that the NCA remains in effect and is enforceable.

While Buchko suggests that the filing of the motion for preliminary injunction, its later withdrawal, and Orbital's conduct with respect to discovery directed to JRJE all were attempts to delay these proceedings and to harass him as well as JRJE, there is no evidence to support a conclusion that Orbital's injunction motion was frivolous or brought in bad faith. The parties clearly disagree about the enforceability of the NCA, but that is not a basis to invoke Rule 11. While its motion was withdrawn prior to a hearing and a determination of its merits, Orbital has consistently taken the position in this case that the NCA is enforceable and prohibits Buchko from working with a competitor under certain conditions. Moreover, it was within its rights to withdraw the motion because of the Court's ruling. While a delay of the outcome of this case doubtless impacts both parties, the Court is unable to conclude that Orbital's sole motivation in moving for

---

[2] If Orbital had sued Buchko in another jurisdiction, this would have invoked the "first-filed rule," which "gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990). Because different parties are involved, however, the first-filed rule does not apply.

an injunction and then withdrawing it were for purposes of delay or harassment.

Buchko's contention that the process surrounding the subpoenas directed to JRJE is subject to Rule 11 sanctions is similarly unpersuasive. While Orbital may have had certain strategic reasons for selecting the location of the place of compliance, it has provided an adequate explanation of its reasons for doing so. There is no compelling evidence that either the issuance or content of the subpoenas was frivolous or done in bad faith or for the purpose of delay. Indeed, it is unlikely that having moved for a preliminary injunction, Orbital would then undertake affirmative efforts to impede the very discovery it believed to be necessary for the hearing.

Buchko also argues that Orbital's actions have been designed to prevent him from engaging in gainful employment because, on the advice of counsel, he has not begun working at any employment positions that Orbital contends would violate the NCA while this litigation is pending. Unfortunately, that is a consequence of the existence of a disputed NCA. The parties' claims and counterclaims will be resolved either by dispositive motion or at trial.

Finally, in Orbital's response to Buchko's motion, it sought the imposition of sanctions against Buchko's counsel. At the oral argument, however, Orbital's counsel stated that Orbital was not seeking sanctions against Buchko's counsel at this time. Given the withdrawal of Orbital's request for Rule 11 sanctions, its request for sanctions is moot.

Therefore, this 31st day of August, 2021, Defendant's Motion for Sanctions Against Plaintiff/Counterdefendant and Fridrikh Shrayber (ECF No. 195) is DENIED, and Orbital's request for sanctions against Buchko's counsel is DENIED as moot.

                              BY THE COURT:

                              s/Patricia L. Dodge
                              PATRICIA L. DODGE
                              United States Magistrate Judge