IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORBITAL ENGINEERING, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 2:20-593 |
| | ) | |
| JEFFREY J. BUCHKO, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Plaintiff Orbital Engineering Inc. ("Orbital") has filed a motion to quash (ECF No. 336) certain subpoenas served by Jeffrey J. Buchko ("Buchko"). Each of these subpoenas seek to compel the witnesses to whom subpoenas were issued to appear in Pittsburgh, Pennsylvania to testify at trial. For the reasons that follow, Orbital's motion will be granted.

Buchko has served subpoenas on eleven Orbital employees. Orbital asserts that seven of these employees reside more than 100 miles from the courthouse in which this case will be tried, where they are employed or where they regularly transact business. These witnesses are Brent Harting (Hammond, Indiana), Brian Bub (St. Louis, Missouri), Stephen Kleinen (Texas and Louisiana), Arno Wainikainen (Texas), Adam Booble (Hammond, Indiana), Don Henrich (Ft. Myers, Florida) and Guy York (Detroit, Michigan). All seven witnesses are on Buchko's "may call" witness list.

Orbital asserts that none of these witnesses reside, are employed or do business within 100 miles of the federal courthouse in Pittsburgh. Thus, Orbital contends, the subpoenas do not comply with Fed. R. Civ. P. 45(c)(1)(A) and must be quashed pursuant to subsection (d)(3).

Under Rule 45(d)(3)(A)(ii) of the Federal Rules of Civil Procedure, the Court is required, on

timely motion, to quash or modify a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Rule 45(c) limits the Court's subpoena enforcement powers by requiring that a subpoena "may command a person to attend" a trial, hearing, or deposition only if the location of the trial, hearing, or deposition is:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person:
> > (i) is a party or a party's officer; or
> > (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1).

As courts have observed, "the plain language of rule 45(c) indicates that the court cannot compel a witness to testify at a deposition when the individual must travel more than 100 miles from a place of residence, employment or regular business." *Expansion Cap. Grp., LLC v. Patterson*, 2020 WL 42786, at *2 (D. Del. Jan. 3, 2020) *See also Chand v. Hernandez*, 2010 WL 11693572, at *2 (W.D. Pa. July 20, 2010) ("there is nothing in Rule 45's plain language that suggests that Rule 45(c)(3)(A)(ii)'s territorial restriction is subject to any exception at all." *Id.* (the provisions of subsection (c) were moved to subsection (d) in the 2013 amendments to the Rule).

In addition, it has not been established that any of the witnesses is an officer of Orbital who resides, is employed or regularly transacts business in person in Pennsylvania. *See* Fed. R. Civ. P. 45(c)(1)(B). *See Expansion Cap. Grp.*, 2020 WL 42786, at *2 (noting that the phrase "regularly transacts business in person" as used in Rule 45(d)(3)(A) "means just what it says.")

As the Advisory Committee Notes regarding the 2013 amendments to Rule 45 provide, "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business

2

in person in the state."

In opposing Orbital's motion, Buchko contends that because these seven individuals are employed by Orbital, a Pennsylvania corporation that is located within 100 miles of the courthouse, the subpoenas were properly issued. Significantly, however, Buchko does not contend that any of these potential witnesses actually work in Pennsylvania or regularly transact business in person here. The fact that their employer is based in Pennsylvania is not sufficient to compel their appearance. *See Havens v. Mar. Commc'ns/Land Mobile, LLC*, 2014 WL 2094035, at *2 (D.N.J. May 20, 2014) (rejecting attempt to subpoena officer and designated representative of a company that regularly transacted business in New Jersey because the individuals themselves lived and worked in California). *See also Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, 2015 WL 728463, at *4 (S.D.N.Y. Feb. 19, 2015) ("the plain language of Rule 45(c) indicates that the court cannot compel a witness—as an individual or as a corporate representative—to travel more than 100 miles from a place of residence, employment, or regular business to testify at a deposition. Moreover, the weight of authority supports this conclusion, regardless of where the corporate entity itself 'resides.'").

Buchko cites *United States v. Brown University*, 772 F. Supp. 241, 243 (E.D. Pa. 1991), which held that a court's inability to compel the appearance of witnesses "does not warrant transfer when witnesses are employees of a party and their presence can be obtained by that party." However, that holding is not applicable to the issue here, that is, whether Buchko can compel the appearance of a witness who is outside of the territorial restrictions of Rule 45.

In support of his position, Buchko also relies on Federal Rule of Civil Procedure 43, which provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the

3

court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Buchko contends that employing this method would resolve any potential issues of cost or inconvenience. As noted in the Advisory Committee Notes, however, this rule permits remote testimony when a witness's inability to attend trial is the result of "unexpected reasons, such as accident or illness," but not when it is merely "inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43 (Advisory Committee Notes to 1996 Amendment). The Notes also provide that: "[o]rdinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses." *Id.*

The Court agrees that it can consider and grant a request for a witness to appear from a different location upon good cause shown.[1] As indicated in the Advisory Committee Notes to the 2013 amendments to Rule 45, "[w]hen an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1)." Buchko has not sought an order under Rule 43(a), however. The subpoenas issued by Buchko seek to compel attendance in Pittsburgh, Pennsylvania, not in a location that is within 100 miles of the witness's residence, place of employment or where he transacts business.

As Orbital notes, one of the seven witnesses is Arno Wainikainen, who was deposed by

---

[1] Some courts have concluded that, based on a full reading of Rules 43 and 45 and the Advisory Committee Notes, "subpoenas for live video testimony under Rule 43 are subject to the same geographic limits as a trial subpoena under Rule 45." *Black Card LLC v. Visa USA Inc.*, 2020 WL 9812009, at *3 (D. Wyo. Dec. 2, 2020) (citing *Roundtree v. Chase Bank USA, N.A.*, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014)). *See also In re Urethane Antitrust Litig.*, 2016 WL 723014, at *2 (D.N.J. Feb. 22, 2016) (declining to find "compelling circumstances" to require witness outside the court's subpoena power to testify via live video feed). *But see In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, 2017 WL 2311719, at *4 (E.D. La. May 26, 2017) (allowing subpoena to compel executive to testify via live video in Newark, New Jersey, within 100 miles of

Buchko. Therefore, Buchko may use Wainikainen's deposition at trial if he is "unavailable." *See* Fed. R. Civ. P. 32(a)(4)(B). Moreover, Adam Booble is on Orbital's "will call" list and Stephen Kleinen, Brent Harting and Brian Bub are on Orbital's "may call" list. If Orbital calls those witnesses, Buchko will have the opportunity to question them. Notably, however, Orbital has no obligation to call any of these witnesses at trial. Thus, while the subpoenas that were issued by Buchko cannot compel any of the seven witnesses to appear in person at trial in Pittsburgh, Pennsylvania, he is not foreclosed from seeking any other remedy that is permitted by the Federal Rules of Civil Procedure.

For these reasons, it is ORDERED that Orbital's motion is GRANTED and the subpoenas issued to Brent Harting, Brian Bub, Stephen Kleinen, Arno Wainikainen, Adam Booble, Don Henrich and Guy York are quashed.

**SO ORDERED** this 19th day of January 2022.

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

---

his home and place of business).